## DEN EX DEM. JONATHAN ELLE v. JOHN B. YOUNG.

A direction in a will to executors to sell or dispose of land, and divide it equally among A. and B., is a naked power, and vests no estate or title, either in the executors or in A. or B., upon which they can maintain an ejectment. And if, in such case, A. and B. are the executors, a simple partition of the land by deed between them is not an execution of the power, and conveys no title.

This was an action of ejectment, brought in Morris county Circuit Court, and removed into this court by writ of error. Upon the trial, the plaintiff proved title to the premises in Rachel Batson, who was a single woman, and died leaving two illegitimate children, Jonathan Elle, the lessor of the plaintiff, and Hannah, the wife of Joseph Sanders.

Rachel Batson, by her last will in writing, bearing date on the 29th of February, 1832, by the fourth item in said will, made the following devise, to wit: "I give and devise to my son Jonathan and my daughter Hannah Sanders the farm whereon Joseph Sanders now lives, adjoining lands of Archer Stephens, William Kinney, and others, containing three hundred acres, be the same more or less, to be equally divided between him and my daughter Hannah, to have the one equal half during her life, and at her decease said half to go to her heirs for ever; and if my son Jonathan should die without a lawful heir or heirs, his equal and undivided half of said farm to go to my daughter Hannah during her life, and at her decease to her heirs for ever." And, by the sixth item in said will, made the following order and devise, to wit: "The remainder of my real and personal estate I order my executors to sell or dispose of as they may think best in their discretion, and to divide it equally among my two children, namely, Jonathan and Hannah." And made and constituted her son Jonathan and her son-in-law Joseph Sanders executors of her said last will and testament.

Jonathan Elle and wife and Joseph Sanders and wife, by deed dated December 1, 1846, reciting said devises, witnessed, "that we, the parties to these presents, by virtue of the power and authority to us given in and by the said will aforesaid, have proceeded to make division of the real estate devised in

Den ex dem. Elle v. Young.

the said will aforesaid, as follows : It is agreed by and between the parties to these presents, that the said Jonathan, his heirs, executors, do have, hold, occupy, possess, and enjoy, according to the true intent and meaning of the testatrix aforesaid, the equal one half of the farm mentioned in the fourth item of said will, as set off and designated by the following metes and bounds : beginning, &c. Also, to have, hold, occupy, possess, and enjoy, according to the true intent and meaning of the testatrix aforesaid, the equal one half of the farm known as the Harris farm, being the remainder of the real estate of the said testatrix ; which said one half has been set off and marked by the following metes and bounds, to wit : beginning," &c.

" It is also agreed, by and between the parties to these presents, that the said Hannah, her heirs, executors, do have, hold, occupy, possess, and enjoy, according to the true intent and meaning of the said testatrix aforesaid, the equal one half of the farm mentioned in the fourth item of said will, as set off and designated by the metes and bounds of the two following lots, as follows," &c.

" Also, the said Hannah to have, hold, occupy, possess, and enjoy, according to the true intent and meaning of the said testatrix aforesaid, the equal one half of the farm known as the Harris farm, being the remainder of the real estate of the said testatrix, which said one half is set off and designated by the following metes and bounds : beginning &c., containing ninety-eight acres," &c.

The judge of the Circuit Court, being of opinion that this will and partition did not vest any title to the premises in the lessor of the plaintiff, directed the plaintiff to be nonsuited. To this direction exceptions were taken and sealed.

Argued before the CHIEF JUSTICE, and ELMER and POTTS, Justices, by *Whelpley*, for plaintiff in error, and *Dayton*, for defendant.

*Whelpley.* This deed is executed both by the parties beneficially interested and the executors who are authorized to convey. It recites the devises in the will, and that it was made

in pursuance of the will, and it was intended as an execution of the power.

This devise must be either (1) a devise to them, or (2) a direction to sell and divide proceeds, or (3) a direction to sell *or* divide, as should seem best, (2 *Green* 69, *Den* v. *Drew*,) for the children were sole objects of her bounty. 1 *Harr.* 25, *Den* v. *Humphreys*.

Any deed intended to execute this power, though in form a deed of partition, is an execution of it. 4 *Kent's Com.* 327 ; 4 *Cruise's Dig.* 83.

*Dayton.* Lessor of plaintiff has no inheritable blood ; this is a naked power, and heir-at-law is seized until valid execution of it. An agreement for division is no execution of this power.

A direction to executors to sell is a naked power ; a devise to executors for the purpose of selling is a power coupled with an interest. 1 *Sugden on Pow.* 106, 128 ; *Cro. Car.* 382 ; 2 *Verm.* 572 ; 8 *Ad. & Ellis* 905, *Hampton* v. *Steele ;* 4 *Kent's Com.* 320 ; 1 *Caines' Cas. in Error* 16 ; 7 *Cowen* 187 ; 2 *Wend.* 13, 57 ; 9 *John. R.* 104 ; 2 *John. Ch. R.* 20.

In *Den* v. *Humphreys* there was a devise to *the man*, with power to sell for his own use. In 1 *Spenc.* 214 and 248, *Birdsall* ads. *Applegate*, there is an order to sell, and divide proceeds among the heirs, the executor being an heir.

This devise has every element of a naked power. 4 *Johns. Ch. R.* 368 ; 1 *Ves. & Bea.* 466 ; 6 *Cruise's Dig.* 181 ; 6 *Com. Dig. Estate by Devise, n.* 12.

The plaintiff contends that this is a substantial execution of the power. But the power is to sell. This is a mere agreement for separate occupation, and does not profess to convey title ; it is based upon the assumption that the title passed by the will. 1 *Chit. Pl.* 173 ; 2 *East* 190 ; 11 *Ib.* 345.

The CHIEF JUSTICE delivered the opinion of the court.

Rachel Batson, of the county of Morris, by the fourth clause of her will, gave and devised to her two (illegitimate) children, Jonathan and Hannah, certain real estate. The sixth clause of the will is as follows : " The remainder of my real and personal estate I order my executors to sell or dispose of as they may

think best in their discretion, and to divide it equally among my two children, namely Jonathan and Hannah." She appointed her son Jonathan, and Joseph Sanders, the husband of her daughter Hannah, the executors of her will. By an instrument, dated on the 1st of December, 1846, executed by and between Jonathan Elle and Deborah his wife, of the one part, and Joseph Sanders and Hannah his wife, of the other part, reciting the 4th and 6th clauses of the will of Rachel Batson, and that, by virtue of the power and authority given to the said parties by the said will, they had proceeded to make division of the real estate devised in said will, it was agreed that the land should be held and enjoyed in severalty by the said Joseph and Hannah, as therein specified. By that apportionment, the land in question was allotted to Jonathan Elle, the lessor of the plaintiff. The question is, whether, under the residuary clause of the will, or under the agreement, or both, Jonathan Elle took a legal estate in the premises in question.

The residuary clause of the will contains no devise to the executors, as such. It confers a naked power to sell or dispose of the land, and pay over the proceeds, not coupled with an interest. As executors, they clearly took no estate *by devise*.

Having no inheritable blood, neither of the children could take as *heir-at-law*. The fee, unless it passed by the will and agreement, must have descended to, and vested in the heir-at-law of the testatrix.

Nor does the residuary clause vest any legal estate in the beneficiaries, the children of the testatrix. It is true that where land is devised to A., with power to sell the premises in fee for his own use, the whole estate is vested in A. He holds both the legal and beneficial interest. In such case the devisee is not bound to execute the power, but takes an absolute estate in the land by virtue of the will. *Den v. Humphreys*, 1 *Harr.* 25.

So if there be a devise to A. to sell or dispose of at his pleasure, the fee passes by the devise, upon the presumed intent of the testator. 2 *Preston on Est.* 74.

But in each of these cases there is an express gift of some interest to the devisee, and the only question is, what estate

or amount of interest he will take under such gift. In the case in question there is no devise of any interest to the executors, but a naked power, which they are authorized to execute. There is no case which holds that an authority vested in an executor to sell land, and apply the proceeds to his own use, vests a fee or any other estate in the executor. In such case, until the power is executed, the fee remains in the heir-at-law.

So when money is given to be laid out in land to be conveyed to A., though there be no gift of the money to him, in equity it is his. He may elect not to have it laid out in land, and with the consent of the executors, in whom the title to all chattel interests is vested, the beneficiary may take the money as his own.

. So if land be given in trust to sell and to pay the produce to A., though no interest in the land is expressly given to him, in equity he is the owner, and the trustee must convey as he shall direct. *Pearson* v. *Lane,* 17 *Vesey* 104.

But though in equity the beneficiary may control the disposition of the land, the legal title is not in him, but in the trustee. And where there is no devise to the executor, but a naked power conferred, the title remains in the heir-at-law; the power only is in the executor, the beneficial interest in the legatee.

It is clear, then, that by the terms of the residuary clause, there is no gift either expressly or by implication of any estate in the land, either to the trustees or *cestui que trusts.*

But it is said, that if no title to the executors passed by the will, yet that the agreement of the 1st December, 1846, was an execution of a power conferred on the executors, and that by it, title passed to the legatees by the residuary clause. This argument proceeds upon the admission that no title passed by the will; that the will conferred a naked power only, and that the agreement is an execution of that power. The agreement itself does not purport to convey title. It purports to be an execution of the power and authority given to the parties in the will. It is a mere division of the land between the parties, and a consent to occupy. It is no conveyance of title but a mere division or partition of lands, the title to which is as-

sumed to be already vested. And it is sought to be validated, and can be validated only on the assumption that the will contains not only a power to sell but a power to divide the land without sale between those beneficially interested. The authority conferred is to " *sell or dispose,*" and to *divide it,* not the proceeds but the *land,* between the beneficiaries. The clause upon this construction confers authority upon the executors to sell the land and divide the proceeds, or *at the discretion of the executors to divide the land itself between the beneficiaries.*

I am aware of no case which has gone the length of holding that a power vested in the executors to divide lands between A. and B., without the devise of any interest either to the executors or to the beneficiaries, vests a fee in A. and B. But admitting such to be the result, this is not the fair or natural import of the clause. The phrase, sell or dispose of, is tantamount to sell *and* dispose of the land, as the phrase, " sell *or* convey " is frequently used for sell *and* convey ; and the power to divide applies obviously not to the *land,* but to the proceeds of the sale. The will, fairly construed, confers no power to make partition. It follows that the plaintiff in ejectment had no legal title to the land, either under the will or by virtue of the agreement, and that the judgment must be affirmed.

REVERSED, 4 *Zab.* 775.

CITED *in Cent. R. R. Co.* v. *Moore,* 4 *Zab.* 837 ; *Voorhees* v. *Woodhull's Ex'rs,* 4 *Vr.* 485 ; *Downey* v. *Borden,* 7 *Vr.* 467.